IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWN SANDERS,<br><br>      Plaintiff,<br><br>vs.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS and STATE OF ILLINOIS,<br><br>      Defendants. | Case No. 15-cv-0147-SMY-PMF |

**MEMORANDUM AND ORDER**

Before the Court is Defendants' Motion for Summary Judgment (Doc. 20). Defendants contend this action is barred by the statute of limitations and, in any event, Plaintiff's claims otherwise fail on the merits and are barred by settlement. Plaintiff responded in opposition (Doc. 25). For the reasons that follow, Defendants' motion is **GRANTED**.

BACKGROUND

According to Defendants' Statement of Undisputed Material Facts (Doc. 21-1), Plaintiff Shawn Sanders is a correctional officer with Lawrence Correctional Center, operated by the Illinois Department of Corrections ("IDOC"). Doc. 21-1, ¶¶ 1-2, 87. In November 2012, Plaintiff submitted a request for leave under the Family Medical Leave Act ("FMLA") for the purpose of caring for his wife, Nicole, and their children for six weeks due to Nicole's scheduled surgical procedure. *Id* at ¶¶ 6-7, 9; Doc. 21-6. The medical doctor who completed the attached certification form, Dr. Turkley, identified herself as specializing in cosmetic and reconstructive surgery, did not diagnose Nicole with any medical condition and did not identify any condition or symptoms that necessitated surgery. Doc. 21-1, ¶¶ 8-10, 14.

On November 27, 2012, IDOC approved FMLA leave for Plaintiff to transport Nicole to her three follow-up appointments but stated that FMLA leave was not approved for child care. *Id* at ¶ 15.  The Lawrence Correctional Center Human Resources Representative notified Plaintiff that he would need to submit more paperwork indicating that his requested leave was not just to care for his family.  *Id* at ¶ 16.  Plaintiff then called HR Supervisor Deanna Clark, who explained to Plaintiff that additional information regarding his FMLA leave request was needed because the medical facts were not detailed and FMLA does not cover childcare.  *Id* at ¶ 18.

On December 4, 2012, Plaintiff's FMLA leave request was denied on the basis that Nicole's condition did not constitute a serious health condition.  *Id* at ¶¶ 19-20.  That same day, Plaintiff called Deanna Clark and told her Nicole's surgery was a torsoplasty and was not cosmetic surgery.  *Id* at ¶¶ 21-22.  Deanna Clark then explained that the doctor must substantiate the condition including medical facts and that the primary care physician must supplement the request and show why the surgery was medically necessary.  *Id* at ¶ 23.

On December 5, 2012, IDOC received a letter (not an FMLA certification form) from Dr. Duerfeldt that stated Nicole "had a medically necessary surgery" but did not include substantial facts showing that Nicole had a medical condition necessitating surgery.  *Id* at ¶¶ 28-29.  The next day, Deanna Clark faxed an FMLA certification form to Dr. Duerfeldt and commented that, in order for Plaintiff to qualify for FMLA, facts must be included to support that Nicole's condition qualified as a serious illness.  *Id* at ¶¶ 30-31.  Dr. Duerfeldt then submitted the certification form and stated Nicole's diagnosed medical condition was a skin condition but did not state why surgery was necessary for the condition.  *Id* at ¶¶ 32-34.  Courtnay O'Connell, an attorney who oversees state agencies' implementation of FMLA, reviewed Dr. Duerfeldt's

certification and determined there was insufficient information to establish that Nicole's condition was a serious health condition as required by the FMLA. *Id* at ¶¶ 36-39.

Plaintiff was informed that his FMLA leave request was denied on or about December 11, 2012. *Id* at ¶ 42. In a December 13, 2012 memorandum to Plaintiff, it was documented that FMLA coverage was not approved, that information regarding Family Responsibility Leave had been provided and that Plaintiff's absences were unauthorized. *Id* at ¶¶ 43; Doc. 21-22. Plaintiff did not submit a written request for Family Responsibility Leave. *Id* at ¶ 48. Rather, Plaintiff submitted a different request—an FMLA Certification for himself requesting leave for the same time period previously requested, but this time for his own serious medical condition. *Id* at ¶ 56-58. Courtnay O'Connell concluded that Plaintiff's request was an attempt to circumvent the denial of FMLA leave to care for his wife. *Id* at ¶ 59. This request was denied on January 7, 2013. *Id* at ¶ 60.

Pursuant to the affirmative attendance policy and standards of conduct for attendance, Plaintiff's repeated unauthorized absences led to a review hearing on January 23, 2013. *Id* at ¶ 73. The hearing officer found that Plaintiff was in violation of the policy and standards of conduct for attendance and recommended discipline including suspension. *Id* at ¶ 74. The warden concurred and, on January 24, 2013, Plaintiff was notified of the decision and suspensions. *Id* at ¶ 75. Ultimately, Plaintiff was discharged on March 23, 2013. *Id* at ¶ 78. Plaintiff filed a series of grievances challenging the discipline. These grievances were resolved and Plaintiff returned to work. *Id* at ¶¶ 79-87. Plaintiff filed his Complaint in this case on February 11, 2015 alleging that IDOC's denial of his leave requests was wrongful and a violation of Section 2615(a)(1) of the FMLA. *Id* at ¶ 88; Docs. 1 & 18.

ANALYSIS

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). When a motion for summary judgment is not opposed or is ineffectively opposed, "the district court must still review the uncontroverted facts and make a finding that summary judgment is appropriate as a matter of law." *Nabozny v. Podlesny,* 92 F.3d 446, 457 n. 9 (7th Cir.1996).

As the issue may be dispositive, the Court first analyzes Defendants' contention that this action is barred by the statute of limitations. Defendants present uncontested facts demonstrating that Plaintiff's final FMLA denial occurred on January 7, 2013 and assert that the Court may consider the hearing officer's decision regarding Plaintiff's absences as a successive denial. In that case, the statute of limitations would begin to run on January 24, 2013 at the latest. This action was filed on February 11, 2015—more than two years after the final denial of Plaintiff's request for leave. Plaintiff does not respond directly to Defendants' statute of

4

limitations argument and does not dispute these dates, but seems to suggest that the limitation period began to run on the date of Plaintiff's discharge—March 23, 2013 (see Doc. 25, p. 19).

An action brought under the FMLA "may be brought… not later than 2 years after the date of the last event constituting the alleged violation." 29 U.S.C. § 2617(c)(1). However, this limitation period is extended to 3 years if the alleged violation is *willful*. *Id* at §2617 (c)(2). An FMLA claim accrues upon the (allegedly wrongful) denial of the employee's request for leave. *Barrett v. Illinois Dep't of Corr.*, 803 F.3d 893, 897 (7th Cir. 2015). If multiple requests are made, the limitations period begins again with each denial. *Id*.

Here, no relevant dates are disputed by the parties. Thus, pursuant to *Barrett*, the action is barred by the statute of limitations unless Plaintiff has presented facts to show the violation was willful. Defendants contend that there are no facts indicating that the alleged violation was willful as the term is defined by other circuits interpreting comparable statutes. Plaintiff does not respond to this contention.

The FMLA does not define the term "willful," nor has the Seventh Circuit addressed the meaning of the term under the FMLA. District courts in the Seventh Circuit, however, have looked to the Fair Labor Standards Act and adopted the definition of "willful" under that statute. *See White v. United Credit Union*, 111 F. Supp. 3d 878, 882 (N.D. Ill. 2015) ("most courts addressing the issue have ruled that the term has the same meaning under the FMLA as under the FLSA [see *Bass v. Potter,* 522 F.3d 1098, 1103 (10th Cir.2008), noting the Tenth Circuit's agreement on that score with the First, Second, Sixth and Eighth Circuit Courts of Appeals]"). Additionally, the United States Supreme Court has established that, to rise to the level of willful, an employer must know its conduct was prohibited or shown reckless disregard for the matter of

whether its conduct was prohibited. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). The term "is generally understood to refer to conduct that is not merely negligent." *Id*.

Here, Plaintiff has neither alleged willfulness nor presented evidence that would raise a genuine issue of fact as to whether Defendants' conduct was willful. After a review of the uncontroverted facts in the light most favorable to Plaintiff, the Court finds no evidence that would tend to show Defendants' conduct to be anything greater than negligence. As such, Plaintiff cannot benefit from the extension of time provided in the statute and this action is barred by the two-year statute of limitation set forth in the FMLA at § 2617(c)(1).

## CONCLUSION

Defendants' Motion for Summary Judgment is granted. The Clerk of Court is DIRECTED to enter judgment on behalf of Defendants and to close this case.

**IT IS SO ORDERED.**

**DATE: June 20, 2016**

s/ *Staci M. Yandle*
**STACI M. YANDLE**
**DISTRICT JUDGE**
